# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRIDGETT JENNINGS, SHARENA WOODS, individually and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>CHECKPOINTID, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 22 cv 3677<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, and 1446, Defendant CheckpointID, Inc. ("Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant states as follows:

**I.   Plaintiffs' Complaint**

1. On June 9, 2022, Plaintiffs Bridgett Jennings and Sharena Woods ("Plaintiffs") filed a putative class action complaint against Defendant in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, captioned *Bridgett Jennings, Sharena Woods v. CheckpointID, Inc.*, No. 2022 CH 05591 (the "State Court Action").

2. On June 15, 2022 Defendant was served with a copy of the Complaint and Summons in the State Court Action.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) because it is filed within 30 days of the date the Defendant was served with the initial pleading.

4. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders that have been filed and served in the State Court Action are attached hereto as **Exhibit 1**.

5. Plaintiffs allege that Defendant violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.,* ("BIPA"), through the use of Defendant's automated identity verification service for housing applications. Compl. ¶ 18. Specifically, Plaintiffs allege that Defendant's "verification system imposes a virtual geometric pattern over the applicant's face indicating that it is gathering the applicant's facial biometrics." Compl. ¶ 24. Plaintiffs allege that they and other Class members "have had their 'biometric identifiers,' namely their facial geometry and face prints, collected, captured, or otherwise obtained by Defendant when they provided pictures of their government issued ID documents and when Defendant used their cell phones' front facing camera to obtain a geometric template of their face in real-time." Compl. ¶ 52.

6. Plaintiffs allege that Defendant violated BIPA by failing to (1) "provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a);" (2) "inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);" (3) "inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);" (4) "inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);" (5) obtain a written release, as required by 740 ILCS14/15(b)(3)" and (6) "profited from Plaintiffs' and the other Class members' facial biometrics in violation of 740 ILCS 14/15(c) as it was paid by its customers to biometrically

verify each property applicant's identity." Compl. ¶¶ 54(a)-(e); 55. Plaintiffs allege that these alleged violations were done intentionally, recklessly or negligently. Compl. ¶ 58.

7. Plaintiffs seek to represent a putative class of "All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period." Compl. ¶ 40.

8. Plaintiffs seek declaratory, injunctive, and equitable relief, statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, $1,000 for each negligent violation of the BIPA, reasonable attorneys' fees, costs, other litigation expenses, and pre-and-post-judgment interest. Compl. Prayer for Relief, p. 12.

**II. Class Action Fairness Act Jurisdiction Pursuant to 28 U.S.C. § 1332(d)**

9. Removal is proper under 28 U.S.C. § 1332(d) because the United States District Courts have original jurisdiction over any class action: (i) involving a putative class of 100 or more members; (ii) where at least one member of the plaintiff class is a citizen of a State different from any defendant; and (iii) in which the matter in controversy exceeds (in the aggregate) the sum or value of $5 million, exclusive of interests and costs. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("CAFA's provisions should be read broadly.")[1] Here, all three conditions are satisfied.

10. Plaintiffs estimate that there are "thousands of members of the Class." Compl. ¶ 41.

11. Accordingly, the class involves 100 or more members as required by 28 U.S.C. § 1332(d)(5)(B).

---

[1] By arguing that this matter is removable under 28 U.S.C. § 1332(d), Defendant does not waive any argument that this matter is improper for class certification and all such arguments are expressly reserved.

12. According to the allegations in the Complaint, Plaintiffs are residents of Illinois. Compl. ¶¶ 13-14.

13. Defendant is a Delaware corporation with its principal place of business in Carrollton, Texas.

14. Because Plaintiffs are citizens of Illinois and Defendant is a citizen of Delaware and Texas, at least one member of the class of Plaintiffs is a citizen of a State different from the Defendant as required by 28 U.S.C. § 1332(d)(2)(A).

15. Because Defendant is not a citizen of the State in which the action was originally filed, removal is proper under 28 U.S.C. § 1332(d)(3)-(4).

16. For purposes of assessing the amount in controversy, Plaintiffs' allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim.").

17. BIPA provides for statutory damages of $1,000 for each negligent violation, 740 ILCS 14/20(2), and $5,000 for each intentional or reckless violation, 740 ILCS 14/20(2).

18. Plaintiffs allege that Defendant committed at least six BIPA violations with respect to Plaintiffs and each other member of the putative class. Compl. ¶¶ 48-60. Plaintiffs further allege that Defendant committed each of these violations intentionally or recklessly and seeks statutory damages of $1,000 for each negligent violation and $5,000 for each such intentional or reckless violation. Compl. ¶ 58, Prayer for Relief.

19. Applying either negligent or intentional/reckless damages to the alleged "thousands of members of the Class" (Compl. ¶ 41), the alleged amount in controversy exceeds the sum or value of $5 million. Multiplying at least 2,000 class members by six violations for $1,000 per

4

alleged negligent violation equals $12,000,000. Multiplying at least 2,000 class members by six violations for $5,000 per alleged intentional/reckless violation equals $60,000,000. As such, the amount in controversy exceeds the threshold requirement of $5,000,000, giving the district courts of the United States jurisdiction over this matter. 28 U.S.C. § 1332(d)(2).

20. This matter satisfies all requirements of 28 U.S.C. § 1332(d) and is therefore removable under the Class Action Fairness Act of 2005.

**III. Venue**

21. Venue is proper in the Eastern Division of the Northern District of Illinois because the State Court Action is pending within the jurisdictional confines of this Court. 28 U.S.C. § 1446(a).

22. Defendant will provide written notice of the filing of this Notice of Removal to Plaintiffs and the Circuit Court of Cook County.

**IV. Reservation of Rights and Defenses**

23. Defendant hereby reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiffs' allegations or waiving any of Defendant's defenses. *See Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages."); *see also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties. That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").

WHEREFORE, Defendant CheckpointID, Inc. hereby removes this civil action to this Court on the bases identified above.

Dated: July 15, 2022

CHECKPOINTID, INC.,

By: /s/        Amy L. Lenz
Bonnie Keane DelGobbo
(bdelgobbo@bakerlaw.com)
Amy L. Lenz (alenz@bakerlaw.com)
**BAKER & HOSTETLER LLP**
One North Wacker Drive, Suite 4500
Chicago, Illinois 60606-2841
Telephone: (312) 416-6200

Joel Griswold (jcgriswold@bakerlaw.com)
**BAKER & HOSTETLER LLP**
200 South Orange Avenue, Suite 2300
Orlando, Florida 32801-3432
Telephone: (407) 649-4088

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that she caused a true copy of the foregoing Notice of Removal to be served on counsel of record via email on July 15, 2022:

Eugene Y. Turin
Timothy P. Kingsbury
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mecgpc.com
tkingsbury@mcgpc.com

/s/      Amy L. Lenz