# EXHIBIT 1

**CT** Packing Slip

⬤ CT Corporation

**UPS Tracking # :** 1ZX21278011362549Z
**Created By :** BATCH BATCH
**Created On :** 06/15/2022 03:01 PM
**Recipient :**

| Leigh Ann Heus | |
|---|---|
| Title : | -- |
| Customer : | Checkpoint ID, Inc. |
| Address : | 4100 MIDWAY RD STE 1165 |
| Email : | lheus@checkpointid.com |
| Phone : | -6232402371  Fax : - |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 541753496 | 2022CH05591 | CHECKPOINT ID, INC. |



**CT Corporation**
**Service of Process Notification**
06/15/2022
CT Log Number 541753496

## Service of Process Transmittal Summary

**TO:**    Leigh Ann Heus
Checkpoint ID, Inc.
4100 MIDWAY RD STE 1165
CARROLLTON, TX 75007-1951

**RE:**    **Process Served in Delaware**

**FOR:**    CHECKPOINT ID, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | BRIDGETT JENNINGS, SHARENA WOODS, individually and on behalf of similarly situated individuals vs. CHECKPOINTID, INC. |
| **CASE #:** | 2022CH05591 |
| **PROCESS SERVED ON:** | NRAI Services, LLC, Wilmington, DE |
| **DATE/METHOD OF SERVICE:** | By Process Server on 06/15/2022 at 03:02 |
| **JURISDICTION SERVED:** | Delaware |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780113625492 |
| **REGISTERED AGENT CONTACT:** | National Registered Agents, Inc 1209 Orange Street Wilmington, DE 19801 877-467-3525 SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:**                                      Wed, Jun 15, 2022
**Server Name:**                               Kevin Dunn

| Entity Served | CHECKPOINT ID, INC. |
|---|---|
| Case Number | 2022CH05591 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 8



FILED
6/13/2022 12:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05591
Calendar, 8
18264657

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons

(08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Bridgett Jennings and Sharena Woods

(Name all parties)

v.

Case No. 2022-CH-05591

CHECKPOINTID, INC.
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, DE 19801

☑ **SUMMONS** ☐ **ALIAS SUMMONS**

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org

FILED DATE: 6/13/2022 12:53 PM    2022CH05591

**Summons - Alias Summons**                                    (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first
create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm
to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://
www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 56618                                    Witness: _____

Atty Name: McGuire Law, P.C.                        6/13/2022 12:53 PM IRIS Y. MARTINEZ

Atty. for: Plaintiffs                               _____

Address: 55 W. Wacker Dr., 9th Fl.                  IRIS Y. MARTINEZ, Clerk of Court

City: Chicago                                       Date of Service: _____

State: IL   Zip: 60601                              (To be inserted by officer on copy left with
                                                    Defendant or other person):
Telephone: (312) 893-7002

Primary Email: eturin@mcgpc.com

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ◉ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

Hearing Date: 10/11/2022 10:00 AM
Location: Court Room 2510
Judge: Mullen, Michael Tully

**12-Person Jury**

FILED
6/9/2022 11:01 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05591
Calendar, 8
18238090

FILED DATE: 6/9/2022 11:01 PM   2022CH05591

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| BRIDGETT JENNINGS, SHARENA WOODS, individually and on behalf of similarly situated individuals, )<br><br>*Plaintiffs,* )<br><br>v. )<br><br>CHECKPOINTID, INC., a Delaware corporation, )<br><br>*Defendant.* ) | No. 2022CH05591<br><br>Hon.<br><br>**Jury Trial Demanded** |

### CLASS ACTION COMPLAINT

Plaintiffs Bridgett Jennings and Sharena Woods ("Plaintiffs"), both individually and on behalf of other similarly situated individuals, bring this Class Action Complaint against Defendant CheckpointID, Inc. ("Defendant" or "CheckpointID") for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/15(a)-(e) ("BIPA"). Plaintiffs allege the following based on personal knowledge as to Plaintiffs' own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by their attorneys.

### INTRODUCTION

**A.    BIPA.**

1.    Biometrics refer to unique personally identifying features such as a person's voiceprint, fingerprint, facial geometry, iris, among others.

2.    The Illinois Legislature enacted BIPA because it found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics,

1

FILED DATE: 6/9/2022 11:01 PM 2022CH05591

however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5.

3.     BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including voiceprints, fingerprints, facial scans, handprints, and palm scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

4.     To protect individuals' biometrics, BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first: (1) inform the person whose biometrics are collected in writing that biometric identifiers or biometric information will be collected or stored; (2) inform them, in writing, of the specific purpose and the length of time for which such biometrics are being collected, stored and used; (3) receive a written release allowing them to capture and collect the biometrics; and (4) publish a publicly available retention policy for permanently destroying biometrics when their use has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. 740 ILCS 14/15(a).

5.     BIPA's Compliance requirements are straightforward and easily satisfied, often requiring little more than acquiring a written record of consent to a company's BIPA practices.

**B.     Defendant's Biometric Collection Practices.**

6.     Defendant is a provider of identity verification services for property management companies.

2

7.      One of Defendant's key offerings is an automated identity verification service that allows its customers to verify potential housing applicants' identities.

8.      Defendant's identity verification service relies on using an applicant's cell phone to take a picture of their face from which Defendant extracts the applicant's unique facial geometry, and then comparing the extracted facial biometric template with the facial biometrics obtained from a driver's license or other identity document that features the applicant's face to confirm that they match.

9.      However, while Defendant's identity verification service obtains the facial biometrics of Illinois residents such as Plaintiffs as part of housing applications for Illinois residences, Defendant has failed to comply with BIPA's regulations and does not obtain individuals' consent to gather their facial biometrics.

10.      Nor does Defendant maintain a publicly available data retention policy that discloses what Defendant does with the facial biometrics it obtains or how long they are stored for.

11.      Plaintiffs seek on behalf of themselves and the proposed Class defined below, an injunction requiring Defendant's compliance with BIPA, as well as an award of statutory damages to the Class, together with costs and reasonable attorneys' fees.

## PARTIES

12.      Defendant CheckpointID, Inc. is a Delaware corporation that conducts business throughout Illinois, including in Cook County, Illinois.

13.      At all relevant times, Plaintiff Bridgett Jennings has been a resident and a citizen of the state of Illinois.

14.      At all relevant times, Plaintiff Sharena Woods has been a resident and a citizen of the state of Illinois.

3

FILED DATE: 6/9/2022 11:01 PM   2022CH05591

## JURISDICTION AND VENUE

15.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant conducts business within this state and because Plaintiffs' claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiffs' biometric identifiers and/or biometric information in this state.

16.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County and thus resides there under § 2-102.

## FACTUAL BACKGROUND

17.     Defendant is a provider of identity verification services to property management companies across the United States, and throughout Illinois.

18.     Specifically, Defendant allows its customers to verify that applicants for housing are the same person who they disclose on their rental/housing applications.

19.     One of Defendant's latest and most widely used offerings is automated biometric identity verification.

20.     Defendant's biometric ID verification system operates by first sending a text message to the property applicant's cell phone at its customer's request.

21.     The property applicant receives a text message with a link that directs them to a website hosted by Defendant.

22.     The website directs the user to use their phone's camera to take a picture of the front and of the back of their driver's license or other government issued identification that features a picture of their face.

4

FILED DATE: 6/9/2022 11:01 PM  2022CH05591

23.     After the applicant has uploaded pictures of their ID, Defendant's webpage interacts with the applicant's phone and automatically asks the applicant to allow it to access the phone's front facing camera.

24.     Once the applicant allows Defendant's website access to their camera, their face immediately appears in an oval window on the website, and Defendant's biometric verification system imposes a virtual geometric pattern over the applicant's face indicating that it is gathering the applicant's facial biometrics. The applicant is then asked to turn their head to the left and to the right.

25.     When Defendant has sufficiently gathered the applicant's facial biometrics, Defendant's website informs the applicant that their verification process is complete.

26.     On the back end, and undisclosed to the applicant, when the applicant uploads a picture of their ID document that features their face, Defendant's biometric verification system gathers the geometric template of the applicant's face from their ID document, and then compares it to the geometric template of the applicant's face that it gathers from their front facing camera to see if they match.

27.     Critically, even though Defendant obtains the facial biometrics of thousands of Illinois residents, including Plaintiffs' and the other Class members, Defendant entirely fails to obtain written consent to do so as required by BIPA.

28.     Indeed, at no point does Defendant present any sort of prompt asking the applicant for consent to gather their facial biometrics.

29.     Nor does Defendant make publicly available a policy as to Defendant's collection, storage, deletion, retention, and security practices regarding the facial biometric information in its possession.

5

FILED DATE: 6/9/2022 11:01 PM 2022CH05591

30.     Defendant also unlawfully profited from the facial biometrics it obtained from its customers' property applicants, including Plaintiffs and the other Class members, as Defendant was paid to verify the applicants' facial biometrics.

## FACTS SPECIFIC TO PLAINTIFFS

31.     In or about August 2020 Plaintiff Jennings applied to rent a property in Illinois.

32.     In or about August 2021 Plaintiff Woods applied to rent a property in Illinois.

33.     As part of the application process, and while they were located in and residing in Illinois, Plaintiffs each received a link on their cell phones directing them to Defendant's website to verify their identity.

34.     Like thousands of other Illinois residents who had to verify their identity through Defendant's automated biometric ID verification system, Plaintiffs used their cell phones to provide Defendant through its website a picture of the front and back of their drivers' licenses.

35.     Plaintiffs were then asked to allow Defendant's website access to the front facing camera of their phones, at which point Plaintiffs saw a picture of their faces with a geometric template applied.

36.     After Defendant's biometric ID verification system had sufficiently gathered Plaintiffs' facial biometrics, they were informed that the verification process was complete.

37.     Plaintiffs, like the thousands of other Illinois property applicants who are members of the Class, never provided written consent allowing Defendant to capture, store, or disseminate their facial biometrics. Indeed, Defendant never presented Plaintiffs any sort of prompt asking for their consent to gather their facial biometrics or providing them any of the disclosures required under BIPA to gather biometric identifiers.

6

FILED DATE: 6/9/2022 11:01 PM  2022CH05591

38.     Nor did Defendant have a publicly available policy regarding its practices for collection, storage, retention period, or deletion of the facial biometrics it collects from its customers' property applicants like Plaintiffs and the other members of the Class.

39.     Plaintiffs, like the other Class members, to this day do not know the whereabouts of their facial biometrics which Defendant obtained.

## CLASS ALLEGATIONS

40.     Plaintiffs bring this action on behalf of themselves and a class of similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> **Class**: All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

41.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

42.     There are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiffs, the members can be easily identified through Defendant's records.

43.     Plaintiffs' claims are typical of the claims of the Class they seek to represent, because the basis of Defendant's liability to Plaintiffs and the Class is substantially the same, and because Defendant's conduct has resulted in similar injuries to Plaintiffs and to the Class.

44.     There are many questions of law and fact common to the claims of Plaintiffs and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

FILED DATE: 6/9/2022 11:01 PM 2022CH05591

a. Whether Defendant collects, captures, or otherwise obtains facial biometric identifiers or biometric information from Illinois residents;

b. Whether Defendant disseminated facial biometrics;

c. Whether Defendant obtained a written release from the Class members before capturing, collecting, or otherwise obtaining their facial biometric identifiers or biometric information;

d. Whether Defendant's conduct violates BIPA;

e. Whether Defendant's BIPA violations are willful or reckless; and

f. Whether Plaintiffs and the Class are entitled to damages and injunctive relief.

45. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

46. Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Class they seek to represent. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Class.

47. Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

8

FILED DATE: 6/9/2022 11:01 PM   2022CH05591

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*
### (On behalf of Plaintiffs and the Class)

48.     Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

49.     Defendant CheckpointID is a private entity under BIPA.

50.     BIPA requires a private entity, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

51.     BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information establish and maintain a publicly available retention policy. An entity which possesses biometric identifiers or information must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric information (entities may not retain biometric information longer than three years after the last interaction with the individual); and (ii) adhere to the publicly posted retention and deletion schedule.

52.     Plaintiffs and the other Class members have had their "biometric identifiers," namely their facial geometry and face prints, collected, captured, or otherwise obtained by Defendant when they provided pictures of their government issued ID documents and when

9

FILED DATE: 6/9/2022 11:01 PM  2022CH05591

Defendant used their cell phones' front facing camera to obtain a geometric template of their face in real-time. 740 ILCS 14/10.

53.     Each instance when Plaintiffs and the other Class members had their facial biometrics extracted by Defendant's automated biometric ID verification system, Defendant captured, collected, stored, and/or used Plaintiffs' and the other Class members' facial geometry and face print biometric identifiers without valid consent and without complying with and, thus, in violation of BIPA.

54.     Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

a.     Defendant failed to provide a publicly available retention schedule detailing the length of time for which the biometrics are stored and/or guidelines for permanently destroying the biometrics it stores, as required by 740 ILCS 14/15(a);

b.     Defendant failed to inform Plaintiffs and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

c.     Defendant failed to inform Plaintiffs and the Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.     Defendant failed to inform Plaintiffs and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2); and

FILED DATE: 6/9/2022 11:01 PM  2022CH05591

     e.     Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3).

55.     Defendant profited from Plaintiffs' and the other Class members' facial biometrics in violation of 740 ILCS 14/15(c) as it was paid by its customers to biometrically verify each property applicant's identity.

56.     Defendant knew, or was reckless in not knowing, that the automated biometric ID verification system that it provided and operated and which thousands of Illinois residents interacted with, would be subject to the provisions of BIPA, yet failed to comply with the statute.

57.     By capturing, collecting, storing, and using Plaintiffs' and the Class' facial biometrics as described herein, Defendant denied Plaintiffs and the Class their right to statutorily required information and violated their respective rights to biometric information privacy, as set forth in BIPA.

58.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

59.     Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

60.     Accordingly, with respect to Count I, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the proposed Class, respectfully request that this Court enter an Order:

FILED DATE: 6/9/2022 11:01 PM   2022CH05591

a. Certifying the Class as defined above, appointing Plaintiffs as class representatives and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses, pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated:  June 9, 2022

Respectfully Submitted,
BRIDGETT JENNINGS, SHARENA
WOODS, individually and on behalf of
similarly situated individuals

By:  /s/ Eugene Y. Turin
*One of Plaintiffs' Attorneys*

Eugene Y. Turin
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002\
eturin@mcgpc.com
tkingsbury@mcgpc.com
*Attorneys for Plaintiffs and the Putative Class*

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
6/13/2022 12:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05591
Calendar, 8
18264657

| | |
|---|---|
| BRIDGETT JENNINGS, SHARENA WOODS, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| | ) No. 2022-CH-05591 |
| *Plaintiffs,* | )<br>) Hon. Michael T. Mullen |
| | ) |
| v. | ) |
| | ) |
| CHECKPOINTID, INC., a Delaware corporation, | )<br>) |
| | ) |
| *Defendant.* | )<br>) |

FILED DATE: 6/13/2022 12:53 PM 2022CH05591

**NOTICE OF MOTION**

To:

CHECKPOINTID, INC.
c/o National Registered Agents, Inc.
1209 Orange Street
Wilmington, DE 19801

On October 11, 2022 at 10:00 a.m. or as soon thereafter as counsel may be heard, I shall appear before the Honorable Michael T. Mullen or any Judge sitting in that Judge's stead, in courtroom 2510, located at the Richard J. Daley Center, 50 W. Washington St., Chicago, Illinois 60602, or by Zoom videoconference, and present *Plaintiffs' Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.*

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiffs |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL 60601 |
| **Telephone:** | (312) 893-7002 | **Firm ID.:** | 56618 |

- 1 -

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certifies that on June 13, 2022, a copy of Plaintiffs' Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery was sent to Defendant's Registered Agent by way of first class mail by depositing the same in a United States Mailbox.

/s/ Eugene Y. Turin
Eugene Y. Turin, Esq.

Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 8

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
6/13/2022 12:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05591
Calendar, 8
18264657

| | | |
|---|---|---|
| BRIDGETT JENNINGS, SHARENA WOODS, individually and on behalf of similarly situated individuals, | ) ) ) ) | No. 2022-CH-05591 |
| *Plaintiffs,* | ) ) ) | Hon. Michael T. Mullen |
| v. | ) ) ) | |
| CHECKPOINTID, INC., a Delaware corporation, | ) ) ) | |
| *Defendant.* | ) ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY,
FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

Plaintiffs Bridgett Jennings and Sharena Woods ("Plaintiffs"), by and through their undersigned counsel, pursuant to 735 ILCS 5/2-801, move for entry of an order certifying the Class proposed below, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' attorneys as Class Counsel. Alternatively, Plaintiffs request, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896–97 (7th Cir. 2011). In support of their Motion, Plaintiffs submit the following Memorandum of Law.

Dated: June 13, 2022         Respectfully submitted,

                                  BRIDGETT JENNINGS, SHARENA WOODS,
                                  individually and on behalf of all similarly situated
                                  individuals

                          By:    /s/ Eugene Y. Turin
                                    *One of Plaintiffs' Attorneys*

1

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

Eugene Y. Turin
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of Illinois residents whose biometric identifiers and biometric information were captured, collected, stored, and used by Defendant CheckpointID, Inc. ("Defendant"). Defendant, a provider of identity verification services for property management companies through the country, including throughout Illinois, has violated Illinois law by utilizing facial biometric technology to verify the identities of Illinois residents for its customers and capturing, collecting, storing and using their facial biometrics without obtaining proper consent, and failing to provide them with a retention schedule explaining how long such biometric information and biometric identifiers are used, stored, and destroyed. After Plaintiffs learned of Defendant's wrongful conduct, they brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's capture, collection, storage and use of biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

## I.    INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act, or BIPA, is designed to protect individuals' personal biometric information. Under BIPA, biometric identifiers include facial geometry, voice prints, handprints, fingerprints and palm scans; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is converted or stored. (Complaint, "Compl.," ¶ 3). In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected,

3

stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) received a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15. (Compl. ¶ 4).

## II.   FACTUAL BACKGROUND

### A.   The Underlying Misconduct.

During the relevant period, Defendant provided biometric identity verification services to property management companies throughout the country, including throughout Illinois. (Compl. ¶ 17). Defendant's identity verification services operated by having a link sent to the residential applicant's cell phone that directed them to Defendant's website. (*Id.* at ¶ 20). Defendant's website then required the residential applicant, such as Plaintiffs, to submit a picture of their driver's license or other government ID featuring their face to Defendant. (*Id.* at ¶ 22). After the residential applicant uploads their ID, they are automatically asked to allow the website to access their cell-phone's camera to take a live picture of their face. (*Id.* at ¶¶ 23–24). Defendant's website then shows a mirror image of the person's face with a geometric template overlayed indicating that it is gathering their facial biometrics. (*Id.* at ¶ 24). After the applicant's facial biometrics are obtained, Defendant uses its biometrically enabled technology to extract a geometric template of the applicant's face from their driver's license and compares it to the geometric template of the applicant's face obtained from their live selfie picture to verify that they match. (*Id.* at ¶ 26). Plaintiffs both went through this process when they applied for residential housing, with Plaintiff Jennings having her facial biometrics collected by Defendant in 2020, and Plaintiff Woods having

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

4

her facial biometrics collected by Defendant in 2021. (Compl. at ¶¶ 31, 31). However, Defendant failed to obtain informed written consent from Plaintiffs and the other Class members prior to capturing and collecting their biometric information, Defendant failed to provide a retention schedule and deletion policies which detail how and when Defendant would retain and then destroy their biometric information and/or biometric identifiers and, finally, Defendant profited from Plaintiffs' facial biometrics as it was paid by its customers to biometrically verify their identities. (*Id.* at ¶¶ 53-55). Despite its practice of taking the biometric information of Illinois residents applying for residential housing in Illinois, Defendant failed to comply with BIPA's statutory requirements regarding collection of biometric identifiers and biometric information.

**B.     The Proposed Class**

Plaintiffs bring this action on behalf of themselves and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiffs seek to represent a Class defined as follows:

> All individuals whose facial biometric identifiers or biometric information were collected, captured, stored, transmitted, disseminated, or otherwise used by Defendant within the state of Illinois any time within the applicable limitations period.

(Compl. ¶ 40). As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

**III.     ARGUMENT**

**A.     Standards for Class Certification**

To obtain class certification, it is not necessary for a plaintiff to establish that he will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1) The class is so numerous that joinder of all members is impracticable.
> (2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3) The representative parties will fairly and adequately protect the interest of the class.
> (4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have

FILED DATE: 6/13/2022 12:53 PM    2022CH05591

found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiffs have not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B.    The Numerosity Requirement is Satisfied

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiffs allege that there are thousands of members of the Class. (Complaint at ¶ 42). Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity

information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

### C.      Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.,* 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate, among others, the following common issues: whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtained a written release from the Class before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics;

8

whether Defendant's conduct violates BIPA; whether Defendant's BIPA violations are willful or reckless; and whether Plaintiffs and the Class are entitled to damages and injunctive relief. (Compl. at ¶ 44). As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the facial biometrics of Class members without obtaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiffs have satisfied this hurdle to certification.

### D.     Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiffs have the exact same interests as the members of the proposed Class. Plaintiffs have alleged that, like the other members of the Class, they were subjected to Defendant's facial biometric identity verification software and that Defendant captured, collected, stored, and disseminated their facial biometrics. Plaintiffs have also alleged that Defendant did so without complying with BIPA's requirements. Plaintiffs' pursuit of this matter against Defendant

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

demonstrates that they will be zealous advocates for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3). Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.    Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple

10

FILED DATE: 6/13/2022 12:53 PM   2022CH05591

individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at \*6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Id.*

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    **CONCLUSION**

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiffs respectfully request that the Court enter an Order certifying the proposed Class, appointing Plaintiffs as Class Representatives, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

FILED DATE: 6/13/2022 12:53 PM  2022CH05591

Dated: June 13, 2022

Respectfully submitted,

BRIDGETT JENNINGS, SHARENA WOODS,
individually and on behalf of all similarly situated
individuals.

By:     /s/ Eugene Y. Turin
         *One of Plaintiffs' Attorneys*

Eugene Y. Turin
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
eturin@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*

12

FILED DATE: 6/13/2022 12:53 PM  2022CH05591

### CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a copy of *Plaintiffs' Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* will be served upon Defendant's Registered Agent.

/s/ Eugene Y. Turin

13